IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLTON REED TIPTON | § | |
| VS. | § | CIVIL ACTION NO. 1:14-CV-370 |
| BRAD LIVINGSTON, DIRECTOR, TDCJ-CID, *et al.*, | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Charlton Reed Tipton, an inmate confined at the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against defendant Assistant Warden McMullen.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendant McMullen's motion for summary judgment based on qualified immunity be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. Plaintiff argues he has produced competent summary judgment evidence that gives rise to a genuine dispute of material fact as to whether defendant McMullen actually engaged in the conduct that violated his clearly established right to be free from excessive use of force and a resulting injury. The Court acknowledges that plaintiff provided a signed a declaration to his amended complaint wherein he

alleges defendant McMullen hit him in the neck and he sustained an injury as a result.[1] However, plaintiff asks the Court to ignore medical records provided by defendant McMullen that demonstrate plaintiff complained of an injury to his neck prior to the incident at issue in this suit and attributed the injury to a fall he suffered as a result of a seizure. Plaintiff attempts to explain this discrepancy by arguing he only complained of his neck being sore after the seizure but then changed his complaints to having difficulty turning his neck after the incident at issue in the suit. Plaintiff has no explanation for why he attributed the pain in his neck to the seizure six days after the incident at issue or why none of the medical records reflect that he attributed the injury to defendant McMullen's alleged excessive use of force.

As outlined by the Magistrate Judge, plaintiff "cannot manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249 (1986)). The Fifth Circuit has stated that once the defendant has shifted the burden to the plaintiff by properly supporting their motion for summary judgment with competent evidence indicating an absence of genuine dispute of material fact, the plaintiff cannot meet his burden by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Summary judgment is appropriate where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant. *Little*, 37 F.3d at 1075.

---

[1] In his step 1 grievance plaintiff states "McMullen stepped in my cell slapped me and pulled me out of my cell and pushed me against the wall. Hollered at [me] and returned back to my cell." Amended Complaint, pg. 15 (docket entry no. 19).

Plaintiff offers no competent summary judgment evidence to establish he actually suffered an injury as a direct result of the alleged excessive use of force at issue in this case. In fact, plaintiff's claims are contradicted by the medical records provided by defendant McMullen. *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"). Plaintiff has failed to meet his burden in demonstrating that a genuine dispute of material fact exists as to an injury attributable to the alleged excessive use of force. Defendant McMullen is entitled to qualified immunity.

ORDER

Accordingly, the findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **19** day of **September, 2017.**

_____
Thad Heartfield
United States District Judge